**TRINC, INC., a Michigan corporation, and Pierre J. Augier, a Michigan resident, Plaintiffs,**

v.

**RADIAL WHEEL, LLC, Clement O. Dennis, and Stephen R. Gross, Defendants.**

**Civil No. 07–12488.**

United States District Court, E.D. Michigan, Southern Division.

Feb. 7, 2008.

Howard W. Burdett, Jr., Boyle Burdett, Detroit, MI, for Plaintiffs.

Troy R. Taylor, Northville, MI, for Defendant.

### OPINION AND ORDER

JOHN FEIKENS, District Judge.

Plaintiffs Trinc, Inc. ("Trinc") and Trinc President and CEO Pierre Augier ("Augier") brought this suit alleging that Defendants Radial Wheel, LLC ("Radial") and Radial members Clement O. Dennis ("Dennis") and Stephen R. Gross ("Gross") breached a patent licensing agreement. Defendants filed a motion requesting that the claims against Dennis and Gross be

dismissed for lack of personal jurisdiction and that the remaining claims against Radial be transferred to the Northern District of Georgia. For the reasons set forth below, I DENY Defendants' motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Augier is a Michigan resident and serves as the President and CEO of Trinc, a Michigan Company. Defendants Dennis and Gross are Georgia residents. In February 2001, Dennis called Augier to discuss the tragic accident that took the life of NASCAR driver Dale Earnhardt, Sr. and to ask whether Augier thought such accidents could be prevented by advancements in tire technology. Augier researched the issue and eventually filed a patent application on technology that he developed as part of his research. Augier filed his patent application through Trinc, and, in May of 2003, Trinc was granted U.S. Patent No. 6, 568,765 (the "Patent '795") for a "Composite wheel having a shallow rim." [1]

After the patent application was filed, Augier and Dennis began to discuss forming a company to build prototypes and market the Patent '795 technology. At this stage, Dennis introduced Augier to Gross and the three men formed Radial, a Georgia limited liability company.

In August of 2004, Augier, Dennis and Gross negotiated and entered into a patent licensing agreement between Trinc and Radial. Trinc granted Radial an exclusive license to use Patent '795 and Radial agreed to pay Trinc $12,000 a month for the life of the agreement. The agreement also contained a forum selection clause:

> Irrespective of the place or execution or performance, this Agreement shall be governed, construed and enforced in ac-

---

1. Plaintiffs' Amended Complaint, Exhibit # 1.

cordance with the laws of the State of Michigan applicable to agreements entered into and to be wholly performed therein, and LICENSEE hereby consents to this exclusive jurisdiction of the courts of the State of Michigan and the United States courts located in the State of Michigan in connection with any suit, action or proceeding arising out of or related to this Agreement ... [2]

Disagreements between the parties on the issue of payment led Radial and Trinc to enter into an addendum to the first agreement [3] and later to replace the first agreement with a second licensing agreement.[4] Both the addendum and the second licensing agreement incorporated the forum selection clause included in the first agreement.

In time, the relationship between the parties soured and Augier and Trinc brought this suit in the Eastern District of Michigan against Radial, Dennis and Gross for breach of the licensing agreement. Defendants have filed a motion asking me to dismiss the claims against Dennis and Gross for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) and to transfer the remaining claims against Radial to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). Plaintiffs have responded with two arguments. First, Plaintiffs assert that this Court has specific personal jurisdiction over Dennis and Gross because this suit arises out of their contacts with Michigan. And second, Plaintiffs argue that because this Court has jurisdiction over Dennis and Gross, there is no compelling reason to transfer the related claims against Radial to the Northern District of Georgia.

**2.** Plaintiffs' Response to Defendants' Motion to Dismiss, Exhibit # 3.

**3.** Plaintiffs' Response to Defendants' Motion to Dismiss, Exhibit # 4.

## II. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Under Fed.R.Civ.P. 12(b)(2), a defendant may motion the court to dismiss the claims against him for "lack of jurisdiction over the person." When a defendant brings a Rule 12(b)(2) motion, the plaintiff bears the burden of establishing the existence of jurisdiction. *Serras v. First Tenn. Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir.1989). "Where, as here, the court relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is 'relatively slight' and 'the plaintiff must make only a prima facie showing the personal jurisdiction exists in order to defeat dismissal.' " *Air Products and Controls, Inc. v. Safetech Intern., Inc.,* 503 F.3d 544, 549 (6th Cir.2007) (quoting *Am. Greetings Corp. v. Cohn,* 839 F.2d 1164, 1169 (6th Cir.1988); *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir.1991)). "In that instance, the pleadings and affidavits submitted must be viewed in a light *most* favorable to the plaintiff, and the district court should not weigh 'the controverting asserts of the party seeking dismissal.' " *Id.* (quoting *Theunissen,* 935 F.2d at 1459).

### A. SPECIFIC JURISDICTION

Plaintiffs assert that this Court has specific jurisdiction over Dennis and Gross because the claims at issue arise out of their contacts with Michigan. There is a two part test for determining whether a court can properly exercise jurisdiction over an out-of-state defendant in a diversity action. *Id.* at 550. First, the court

**4.** Plaintiffs' Response to Defendants' Motion to Dismiss, Exhibit # 5.

must determine whether it is authorized to exercise jurisdiction over the defendant by the appropriate state long-arm statute. *Id.* If the answer is yes, the court must decide whether exercising that jurisdiction comports with constitutional due process. *Id.* Under Michigan's long arm statute, the court's jurisdiction extends to the federal constitutional limits, so the two inquiries merge into one. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 954 F.2d 1174, 1176 (6th Cir.1992).

■ The Sixth Circuit has: a three part test for determining whether the exercise of specific jurisdiction comports with constitutional due process:

"First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."

*S. Mach. Co. v. Mohasco, Indus., Inc.,* 401 F.2d 374, 381 (6th Cir.1968).

Michigan has not adopted the fiduciary shield doctrine. *See Florists' Transworld Delivery Inc. v. Fleurop–Interflora,* 261 F.Supp.2d 837, 845 (E.D.Mich.2003). This means that in applying the factors for determining whether this Court has specific jurisdiction, I may look at the contacts that Dennis and Gross have made with Michigan in their capacity as members of Radial. See *Id.*

### 1. Purposeful Availment

■ In order to exercise specific personal jurisdiction over an out-of-state defendant, the defendant must have purposely availed himself of the privilege of acting or causing consequences in the forum state. The Supreme Court has examined the purpose and application of the purposeful availment requirement.

"This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity another party or a third person. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum state. Thus where the defendant deliberately has engaged in significant activities within a State, or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there ..."

*Burger King Corp., v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (internal citations omitted).

In this case, Dennis and Gross founded an LLC with a Michigan resident to develop technology owned by a Michigan company. They negotiated and entered into contracts between their LLC and a Michigan company that are governed by Michigan law and subject the parties to the jurisdiction of Michigan courts. The contracts also created a continuing obligation that required Dennis and Gross's LLC to send money to the Michigan company on a monthly basis in return for an exclusive patent license.

I find that in entering into a continuing business relationship with a Michigan resident and in negotiating and entering into contracts that subjected their LLC to Michigan law and the jurisdiction of Michigan courts and created a continuing obligation to send money to a Michigan company, Dennis and Gross purposely availed themselves of the privilege of acting in Michigan.

## 2. Arising From

The second prong of the test is that the plaintiffs cause of action must arise from the defendant's contacts with the forum. This is a lenient standard requiring only that the defendant's contacts with the forum state relate to the operative facts in controversy. See *Bird v. Parsons,* 289 F.3d 865, 875 (6th Cir.2002).

The causes of action that Plaintiffs allege in this suit all relate directly to the patent licensing agreement that Dennis and Gross negotiated on behalf of Radial. I, therefore, find that the claims in this suit arise from Gross and Dennis's contacts with Michigan.

## 3. Reasonableness

▮ The third prong of test is that the acts of the defendant or the consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. When the first two criteria are met, an inference of reasonableness arises and only the unusual case will not meet the third criteria. *Theunissen,* 935 F.2d at 1461. Some of the factors that courts consider in determining whether the exercise of jurisdiction is reasonable are: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the policy. *Intera Corp. v. Henderson,* 428 F.3d 605, 618 (6th Cir.2005).

▮ In diversity cases, at least one of the parties is always going to be burdened by having to litigate outside of its home forum. This fact alone does not make the exercise of jurisdiction over an out-of-state party unreasonable. There are two plaintiffs in this case. One is a Michigan resident and the other is a Michigan company. The patent license agreements at the heart of this controversy state explicitly that they are governed by Michigan law and that Michigan courts have jurisdiction over the parties. For these reasons, I find that the exercise of specific jurisdiction by this Court over Dennis and Gross is reasonable.

## III. MOTION TO TRANSFER

District courts have discretion to transfer a case pursuant to 28 U.S.C. § 1404(a) when (1) the action could have been brought in the proposed transferee district, (2) the transfer would promote the interests of justice, and (3) the transfer would be more convenient for the parties and witnesses. *Domino's Pizza, PMC v. Caribbean Rhino, Inc.,* 453 F.Supp.2d 998, 1007 (E.D.Mich.2006). The moving party bears the burden of showing that fairness and practicality strongly favor the forum to which a transfer is sought. *Id.* at 1008.

Because of the forum selection clause in the patent licensing agreements, it is unclear whether this suit, as it is presently constituted, could have been brought in the Northern District of Georgia. However, because I have found that this Court has jurisdiction over the individual defendants, I do not need to reach that question. This Court has jurisdiction over all of the parties to this suit and transferring this matter away from Plaintiffs' home forum would not serve the interests of justice of the convenience of the parties.

## IV. CONCLUSION

For the reasons set forth above, I DENY Defendants' motion to dismiss the claims against Dennis and Gross for lack of personal jurisdiction and their request to have the case transferred to the Northern District of Georgia.

**IT IS SO ORDERED.**